UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-255-FDW

| | |
|---|---|
| JOSE LUCATERO, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| MS. HAYNES, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who was convicted in Wilkes County Superior Court on one count of assault with a deadly weapon with intent to inflict serious injury and one count of hit and run causing serious injury or death. Plaintiff is presently housed in the Mountain View Correctional Institution with a projected release date of December 23, 2014.

In his complaint, Plaintiff alleges that the North Carolina Department of Public Safety (DPS) has a systematic practice of agreeing to detain prisoners for 48-hours beyond their actual release date. Plaintiff contends that this unlawful detention occurs in response to DPS's receipt of an Immigration Detainer – Notice Action" which is issued by the U.S. Department of Homeland Security (DHS). The Immigration Detainer provides notice that the DHS has reason to believe that the subject may be deportable and it lists several classifications in support of this conclusion.

According to Plaintiff, such a notice was served on DPS and it identifies Plaintiff as one that the DHS has reason to believe (1) has a prior felony conviction or has been charged with a felony offense, (2) has three or more prior misdemeanors, and (3) has a prior misdemeanor for an

1

offense involving violence, threats, or assault, sexual abuse or exploitation, driving under the influence, unlawful flight from the scene of an accident, illegal possession of a firearm or other deadly weapon, distribution or trafficking a controlled substance, or the subject otherwise poses a significant threat to public safety. (Civil Case No. 1:14-cv-255, Doc. No. 1-5: Immigration Detainer – Notice of Action) (DHS Form I-247).

Plaintiff contends that the DPS's "systematic practice to keep honoring" these Immigration Detainers causes him adverse consequences because after the detainer is filed, the DPS restricts the work that the inmate can perform, limits participation in rehabilitative programs, excludes the inmate from study-release programs, among other consequences. (Id., Doc. No. 1: Compl. at 9-10). Plaintiff, who does not claim to be a licensed attorney in this district, or elsewhere, seeks to represent "a suspect class consisting of: All current and future inmates, under defendant's custody, against whom ICE has issued an immigration '287 detainer' before NC State custody's authority has expired" and to challenge the allegedly inevitable 48-hour detention by the DPS after their prison term is set to expire, as requested by the Immigration Detainer. (Id. at 10).

In his claim for relief, Plaintiff seeks a declaratory judgment that the DPS procedures, as described herein, violate his, and others, constitutional rights including the Fourth, Sixth, Tenth and Fourteenth Amendments to the U.S. Constitution. Plaintiff also seeks injunctive relief which would prohibit the DPS from placing certain restrictions, e.g., denial of certain privileges, change in custody classification, and the potential 48-hour detention past release date on Plaintiff and others. Plaintiff seeks another injunction which would prohibit the DPS from "lodging serious Federal detainers" on Plaintiff and other Latino Inmates. (Id. at 32). Finally, Plaintiff asks for an award of compensatory and punitive damages on behalf of himself and other similarly situated inmates.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. In its frivolity review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Here, Plaintiff is challenging a federal immigration detainer issued pursuant to 8 C.F.R. § 287.7(a), which provides that:

> [a]ny authorized immigration officer may at any time issue a Form I-247, Immigration Detainer–Notice of Action, to any other Federal, State, or local law enforcement agency. A detainer serves to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

8 C.F.R. § 287.7(a). Furthermore, Section 287.7(d) provides that "[u]pon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency,

such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department." Id. § 287.7(d).

Plaintiff fails to state a claim for any constitutional violation based on the fact that the DHS issued a Form I-247 detainer as to him. As the regulation itself explains, a Form I-247 detainer is merely a request, not a directive, for law enforcement agencies to inform the Department of Homeland Security of a pending release date for the person for whom a detainer has been issued. See Galarza v. Szalczyk, 745 F.3d 634, 643 (3d Cir. 2014) (finding that an I-247 detainer notice is in the nature of a "request," rather than a mandate, and Tenth Amendment concerns are therefore not implicated) (quoting United States v. Uribe-Rios, 558 F.3d 347, 350 n.1 (4th Cir. 2009) (defining detainers as a "request that another law enforcement agency temporarily detain an alien" to permit immigration officials to assume custody) (citing 8 C.F.R. § 287.7(d)). See also, Szalcyk, supra (quoting United States v. Female Juvenile, A.F.S., 377 F.3d 27, 35 1st Cir. 2004) (noting that a "detainer . . . serves as a request that another law enforcement agency notify the INS before releasing an alien from detention") (citing 8 C.F.R. § 287.7(a)).

Thus, the issuance of a Form I-247 detainer does not in and of itself implicate federal constitutional concerns.[1] The Court recognizes that, in the event that a law enforcement agency detains an individual past his rightful release date based on the issuance of a Form I-247 detainer without first giving the individual the opportunity to show that he is not subject to deportation, then this may give rise to a claim for a violation of the individual's federal constitutional rights.[1] See Morales v. Chadbourne, 996 F. Supp. 2d 19, 41-42 (D.R.I. 2014) (where the plaintiff, a naturalized citizen of the United States, alleged that she was detained in state custody based on a Form I-247 detainer—even after a state warrant was withdrawn and she had the legal right to be

---

[1] Notably, here, Plaintiff does not allege that he is a U.S. citizen and that he is, therefore, not subject to deportation. Thus, he cannot reasonably contend that the detainer was improperly issued against him.

4

released from state custody—without first being allowed to first prove her citizenship, and based solely on her national origin and Hispanic last name, the plaintiff sufficiently stated a Fourth Amendment claim for illegal seizure, a Fifth Amendment claim for violation of her equal protection rights, and a Fourteenth Amendment due process claim against various defendants). Here, however, Plaintiff has not alleged that Defendants have wrongfully detained him as a result of the issuance of the Form I-247 detainer. Rather, at most, he alleges that he may, at some point in the future, be wrongfully detained by Defendants because of the Form I-247 detainer. To satisfy the injury-in-fact requirement when seeking injunctive and declaratory relief, a plaintiff must show that he is under threat of suffering an injury that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical. See Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). Plaintiff has offered nothing more than speculation that state officials will illegally detain him past his release date as a result of the detainer. In other words, Plaintiff's claims here are based on his expectation of a hypothetical future injury.

As for Plaintiff's claim that his due process rights were violated because he has lost his minimum security status due to the detainer, a federal or state prisoner does not have a liberty interest in any particular security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) ("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system."); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution.'") (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). Here, Plaintiff has not shown that his due process or other constitutional

rights were violated by the fact that his security classification changed from minimum to medium as a result of the Form I-247 detainer being issued against him or that he may have been unable to participate in certain rehabilitative programs.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

2. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. (Doc. No. 2).

3. Plaintiff's motion for a temporary restraining order is **DENIED**. (Doc. No. 4).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: November 14, 2014

Frank D. Whitney
Chief United States District Judge